UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | )  Criminal No. 21-0598 (PLF) |
| | ) |
| TERENCE SUTTON, | ) |
| | ) |
| Defendant. | ) |

MEMORANDUM OPINION AND ORDER

The United States has filed a Motion to Disqualify Counsel [Dkt. No. 34], arguing that "an unwaivable conflict of interest is presented under D.C. Rule of Professional Conduct 1.7(a) that requires [defense counsel's] disqualification from this case," because counsel for Officer Sutton – attorneys affiliated with Hannon Law Group – also represent ███████

███████████ Id. at 1.  Although the United States contends that the alleged conflict may not be waived, it also urges the Court not to accept any waiver if the Court concludes that there is a waivable conflict because "the extensive nature of this conflict risks compromising the integrity of these proceedings."  Government's Reply in Support of Motion to Disqualify Counsel [Dkt. No. 45] at 14.  Officer Sutton, through counsel, opposes the motion and asserts that "[t]here is no conflict, because the interests of ███ and Officer Sutton remain aligned." Opposition to Government's Motion to Disqualify Counsel ("Def. Opp.") [Dkt. No. 43] at 11.

A hearing on the motion is scheduled to take place on November 18, 2021.  Both sides informed Chambers by email that they do not expect to call witnesses at that hearing. Defense counsel subsequently made the following representations in their opposition brief:

> [J]ust as we facilitated "conflict counsel" when the ███████ ████████████████ so too have we prepared for the Court's inquiry if necessary in this case. Once again, █████ agrees with the assessment of HANNON LAW GROUP; yet, ██ is consulting with Stuart Fisk Johnson on this newly raised conflict issue. Similarly, Officer Sutton agrees with our assessment; yet, he too has consulted with attorney Carmen D. Hernandez. Should the Court believe a personal inquiry of Officer Sutton and █████ is required, they shall be available to participate in that process with the advice of conflict counsel.

Def. Opp. at 12. In a subsequent filing concerning a different motion, defense counsel further represented:

> [B]oth Officer Sutton and █████ have consulted with independent counsel regarding the issues raised by the Government. If required by the Court, both █████ are prepared to confirm to the Court their knowing and voluntary belief informed by consultation with independent counsel that no conflict exists between them in connection with ████████████████; that they have both waived their rights of confidentiality vis a vis one another, to the extent that either has communicated confidential information to attorneys with HANNON LAW GROUP; and, they wish to proceed ████████████ with HANNON LAW GROUP as their chosen counsel.

Officer Sutton's Reply to Government's Opposition to his Motion to Modify the Pleading Schedule [Dkt. No. 49] at 2. The implication of these representations is that defense counsel believe that Rule 1.7(c) of the D.C. Rules of Professional conduct controls, rather than Rule 1.7(a), as the United States contends.

The Court solicits the views of the United States concerning these representations, their relevance to the issues raised in the motion to disqualify, and any implications they have for the hearing currently scheduled to take place on November 18, 2021. The Court is considering whether it should convert the motions hearing scheduled for November 18 into an evidentiary hearing to explore the possibility of waiver by Officer Sutton and █████ Alternatively, the Court would address the existence and nature of any conflict at the hearing on November 18 but would

2

not hear from any witnesses.  Then, if appropriate in view of the information and arguments presented at the November 18 hearing, the Court would schedule an evidentiary hearing thereafter, at which Mr. Sutton, ███, and conflicts counsel could be present to address the issues related to any possible waiver and respond to inquiries from the Court.

In light of the foregoing, it is hereby

ORDERED that on or before November 9, 2021, the United States shall file a surreply to its Motion to Disqualify Counsel [Dkt. No. 34], informing the Court of its position as to the relevance of defense counsel's representations concerning Officer Sutton and ███'s consultations with conflict counsel and any possible waiver; and it is

FURTHER ORDERED that in its surreply, the United States is directed to opine on whether the Court should alter the format of the motions hearing currently scheduled for November 18, 2021 as described in this order, or in some other manner that the United States may propose.

SO ORDERED.

_____/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE:   November 4, 2021

3